SAVOIE, Judge.
Defendant, Argonaut Insurance Company, appeals the trial court’s award of the maximum allowable workmen’s compensation benefits-for plaintiff’s alleged occupational disease.
Plaintiff, sole owner and only employee of Kenwyde Industries, Inc. (Kenwyde), contracted to perform draftsman and design engineering services for Allied Chemical Company in Baton Rouge. These services commenced on April 27, 1977. On August 8, 1981, plaintiff allegedly devel *25 oped a chronic lung disease as a result of fumes emanating from the adjacent Rollins Environmental Services waste disposal site. He contends that such disease totally disabled him. Thereafter, Allied terminated plaintiff’s contract for draftsman and design engineering services. On September 10, 1981, plaintiffs attorney notified defendant, the workmen’s compensation insurer of Kenwyde, that benefits were being sought. After being unable to settle this dispute, plaintiff filed suit on February 24, 1982.
The trial court found that plaintiff had become totally disabled as a result of his exposure to fumes while working for Ken-wyde at the Allied Chemical plant. It further found that it was not necessary that the employer against whom the compensation benefits were being claimed be responsible for creating the detrimental conditions leading to an injury. Accordingly, the trial court awarded plaintiff the maximum allowable benefits under the Act.
Defendant appeals, assigning as error the trial court’s awarding of workmen’s compensation benefits for plaintiff’s alleged occupational disease or disability resulting from an accident.
L.S.A.-R.S. 23:1031.1 [1] provides that every employee disabled by an occupational disease shall be entitled to compensation as if he had received personal injury by accident arising out of and in the course of his employment. Further, L.S.A.-R.S. 23:1031.1(B) defines an occupational disease as “only that disease or illness which is due to causes and conditions characteristic of and ‘peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.” As such, the threshold question to plaintiff’s recovery is whether he sustained an occupational disease as a result of causes and conditions characteristic of and peculiar to his particular occupation, process, or employment. This finding is one of fact.
Although great weight is to be given the trier of fact’s findings, we may overturn those findings if they are manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Herein, we find that the trial court was manifestly erroneous in concluding that plaintiff had proven by a preponderance of the evidence and to a legal certainty that his alleged occupational disease was the result of causes and conditions characteristic of and peculiar to his employment. See Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963); and Daney v. Argonaut Insurance Company, 421 So.2d 331 (La. App. 1st Cir.1982).
The record herein clearly indicates that plaintiff was a very heavy smoker and had a long history of bronchitis. Dr. James White, plaintiff’s own physician, testified unequivocally that the initial and continuing cause of plaintiff’s chronic bronchitis was his smoking.
Contrarily, plaintiff stated that fumes emanating from Rollins' waste disposal site caused his condition. In support of his contention, Greg J. Gazperecz, an expert in air quality emissions, testified that the air quality at Allied Chemical was adversely affected by such fumes. However, while Dr. White stated that he believed that there was a syngeristic effect between cigarette smoking and industrial fumes, he concluded that such was not the case here.
We find from the foregoing facts that the trial court was manifestly erroneous in concluding that plaintiff had by a preponderance of the evidence and to a legal *26 certainty proved that his condition was the result of causes and conditions characteristic of and peculiar to his employment. We find that plaintiffs condition is non-com-pensable under Louisiana’s Workmen’s Compensation laws.
For the above and foregoing reasons, judgment of the trial court is reversed. Plaintiff is to pay all costs.
REVERSED.

. L.S.A.-R.S. 23:1031.1 provides, in pertinent part, that:
"A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
"B. An occupational disease shall mean only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.” (Emphasis added).